UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DAVID M. KENNEDY, JR.** | **CIVIL ACTION NO. 24-0769** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **D.A. OFFICE, RICHLAND PARISH, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner David M. Kennedy, Jr., a pre-trial detainee at Richland Parish Detention Center, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on approximately June 5, 2024. Petitioner also filed an Motion for Emergency Ex Parte Preliminary Injunction ("Motion for Preliminary Injunction") [doc. #2]. Petitioner seeks dismissal of his pending charges and release from detention. For reasons below, the Court should deny Petitioner's Motion for Preliminary Injunction.

## Background

Petitioner alleges that this is an "extraordinary case" where his "constitutional rights have been repeatedly violated in a shocking abuse of judicial prosecutorial power." [doc. #1-2, p. 1].[1] He contends that he was unlawfully arrested while at the Longleaf Behavioral Hospital, that he has been denied due process, and that he has been discriminated against on the basis of his "mental health disability." *Id.* at pp. 1-2. He contends that there was a conspiracy among the state court judge, Judge Dean; the prosecutor, Douglas Wheeler; and his former attorney, Lavalle Salomon in violation of his Fifth and Fourteenth Amendment rights. *Id.* at p. 4. He further

---

[1] The undersigned relies on both the Petition [doc. #1] and the Motion for Preliminary Injunction [doc. #2] to discern the alleged facts and legal arguments in support of Petitioner's request for injunctive relief.

alleges that his Sixth Amendment right to counsel was "constructively denied" by Mr. Salomon's actions. *Id.* at p. 5. He claims that he was denied access to the courts because his pro se filings were "impeded," his legal mail withheld, and his wife was threatened for filing for him. *Id.* at p. 6. Finally, he asserts a claim under the Eighth Amendment based on the general proposition that "[j]ail time is unconstitutionally excessive when it inflicts unnecessary pain and suffering." *Id.* at p. 7.

According to Petitioner, was arrested in October 2023 on a bench warrant for "bail jumping" related to pending criminal charges from November 2021. [doc. #2, p. 2]. At the time, Petitioner was under an "involuntary 72-hour mental health hold at a behavioral hospital," presumably Longleaf. *Id.* Petitioner claims that his wife was in court prior to issuance of the bench warrant, but was not allowed to present evidence of his commitment and, instead, the Court was told by the ADA that his wife said he committed himself to avoid court. *Id.* at p. 3.

Petitioner's prior attorney withdrew "on the bail-jumping matter," and he suggests that he did so because of his friendship with the prosecutor. *Id.* "After that, the prosecutor added new serious felony charges lengthening [Petitioner's] sentence by 20-30 years." *Id.*

Petitioner contends that he has exhausted his state court remedies "by filing for habeas relief but was improperly denied any hearing . . . . or to appeal due to the lower court's delay tactics. And when the jail officials withheld his legal mail, it obstructed any remaining chance to seek state relief." [doc. #1, p. 6].

Petitioner asks the Court to order his "release pending further proceedings" and contends that the motion and petition should be granted "in a time frame that is consistent with the urgency that Plaintiff petitions this court." *Id.* at p. 7. Following this release, Defendants should be barred from conducting any further hearings on his failure to appear or bail status. [doc. #2-2,

p. 3]. Petitioner further seeks an order requiring Defendants to appoint "effective counsel," and, if his current appointed counsel is "unable or unwilling," the Defendants should be ordered to appoint new conflict-free counsel or to allow him to self represent. [doc. #2-2, p. 2]. Defendants should be enjoined from prosecuting him without "[p]roviding access toa all evidence and an opportunity to contest the charges" and "[c]omplying with all applicable charging requirements, including indictment and waiver." *Id.* The Court should require Defendants to "admit and give full consideration to all evidence" of Petitioner's "medical and mental health evaluations and conditions." *Id.*

## Law and Analysis

A litigant moving for a preliminary injunction must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

Here, Petitioner is not substantially likely to succeed on the merits of his Section 2241 habeas claims.

First, Petitioner is generally required to exhaust his state court remedies prior to filing a federal habeas petition, absent special circumstances. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). If the record, or the face of the federal habeas corpus petition, reveals that the petitioner has not complied with the exhaustion requirement,

courts are expressly authorized to dismiss the petition. *See Resendez v. McKaskle,* 722 F.2d 227, 231 (5th Cir. 1984); *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997).

Here, Petitioner has yet to have a trial. As "special circumstances," he argues that he attempted to exhaust his claim, but his attempts have been stymied by the lower court's unexplained delay tactics. He also suggests that neither his former retained counsel nor his current appointed counsel will make the motions he and his wife think should be made, and the trial court would not accept any of his pro se filings.

Even assuming Petitioner exhausted his claims, however, the Court should abstain. Federal courts should abstain "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987).

The thrust of the court's opinion in *Dickerson* concerned a Sixth Amendment speedy-trial claim, but the petitioner there also argued that his pre-indictment delay violated his "due process rights under the fourteenth amendment . . . ." *Id.* at 223. The court opined:

> The fact that the due process clause plays some role in protecting against the prejudice of preindictment delay, however, does not mean that a petition for habeas corpus relief filed before commencement of the defendant's trial is the proper vehicle to protect this right. We believe that the same federalism reasons that prevent a defendant's sixth amendment claims from "derailing" a pending state proceeding unless "special circumstances" exist also renders pretrial habeas corpus relief an inappropriate vehicle to consider the merits of Dickerson's due process claim. Dickerson can present both his fourteenth amendment due process claim as well as his sixth amendment speedy trial claim in the state court at trial where they can be considered.

*Id.*

Here, it is manifest that Petitioner seeks to "to disrupt the orderly functioning of state judicial processes" by seeking to litigate his own arguments. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (internal quotation marks and quoted sources omitted). It further appears

4

exceedingly unlikely that pre-trial habeas corpus will be an appropriate vehicle in which to consider the merits of the instant claims.

Moreover, while federal *habeas* relief may be available prior to trial or conviction if "special circumstances" exist, Petitioner's filings do not reveal any special circumstances. Rather, Petitioner appears to be using "Federal habeas corpus . . . as a 'pretrial motion forum for state prisoners,'" which is clearly prohibited. *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (quoting *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 508 (1973)) Petitioner can present his claims before the state trial court and, if necessary, he can seek relief thereafter before the appropriate state appellate court and the Supreme Court of Louisiana. A habeas corpus remedy remains available to Petitioner "after the conclusion of the state proceedings against him, if he is in custody pursuant to conviction and has exhausted his state remedies." See *Dickerson*, 816 F.2d at n.16.

Finally, even assuming there were some sort of special circumstances present here, the undersigned would recommend that the Court abstain under *Younger v. Harris,* 401 U.S. 37 (1971). [2]

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Petitioner's Motion for a Preliminary Injunction be **DENIED.**

---

[2] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 12th day of June, 2024.

                                                        _____
                                                        KAYLA DYE MCCLUSKY
                                                        UNITED STATES MAGISTRATE JUDGE