UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DAVID M. KENNEDY, JR.** | **CIVIL ACTION NO. 24-0769** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **RICHLAND PARISH DISTRICT ATTORNEY'S OFFICE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Petitioner David M. Kennedy, Jr., a pre-trial detainee at Richland Parish Detention Center ("RPDC"), filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, on approximately June 5, 2024. Petitioner seeks release from incarceration and the dismissal of his pending charges.[1] For reasons below, the Court should dismiss Petitioner's claims.

**Background**

Petitioner states that Officer McKinney arrested him on November 19, 2021, while Petitioner was having a mental health crisis. [doc. # 7-1, p. 15]. He was later released on bond. *Id.* at 18. On October 15, 2023, he was admitted to Longleaf Hospital/Longleaf Behavioral Center for mental health treatment. [doc. #s 7, p. 2; 7-1, p. 19; 7-2, p. 32].

Petitioner first claims that he was falsely arrested, under a warrant, at Longleaf Hospital and charged with "jumping bail." [doc. # 7, p. 2]. He appears to claim that the arrest interrupted his mental health treatment. *Id.* at 2, 6. He was transported to RPDC. *Id.* at 6. He was thereafter charged with several other crimes, including aggravated flight from an officer where

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

human life is endangered, resisting an officer with force or violence, aggravated assault with a motor vehicle upon a peace officer, battery of a police officer resulting in medical attention, and aggravated criminal damage to property. [doc. # 7-2, pp. 43-48].

Petitioner claims that he was confined under unconstitutional conditions of confinement at RPDC. [doc. # 7, p. 6]. He was forced to strip, and he was assigned to solitary confinement for three days. *Id.* There, a nurse allegedly asked him if he wanted to "die for real yet." *Id.*

Petitioner claims that Attorneys Salomon and Ellis rendered ineffective assistance of counsel. [doc. # 7, p. 6]. He alleges that Salomon failed to investigate, have him evaluated, obtain bail, obtain medical records, remain informed about Petitioner's case, refrain from taunting him, and remain enrolled as counsel. *Id.* He alleges that Ellis "hollers or laughs" at him and once grabbed and pushed him. *Id.*

Petitioner claims that he is being denied a speedy trial. [doc. # 7, p. 6]. He was incarcerated for 97 days in 2021-2022, and he has currently been incarcerated for approximately 253 days. *Id.*

Petitioner claims that District Attorney Wheeler has engaged in, and continues to engage in, prosecutorial misconduct. [doc. # 7, p. 7].

As above, Petitioner seeks release from incarceration and the dismissal of his pending charges.

## Law and Analysis

**1. Speedy Trial**

Petitioner's charges are pending before the Fifth Judicial District Court, Richland Parish. He was incarcerated for 97 days in 2021-2022, and he has currently been incarcerated for approximately 253 days. *Id.*

A petitioner seeking federal habeas corpus relief must first exhaust all available state remedies.[2] *See Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). If the record, or the face of the federal habeas corpus petition, reveals that the petitioner has not complied with the exhaustion requirement, courts are expressly authorized to dismiss the petition. *See Resendez v. McKaskle*, 722 F.2d 227, 231 (5th Cir. 1984); *Shute v. State of Tex.*, 117 F.3d 233, 237 (5th Cir. 1997).

Here, of import, Petitioner does not ask this Court to order the State or the state trial court to bring him promptly to trial; rather, Petitioner seeks release from incarceration and dismissal of his charges. In other words, Petitioner does not seek to enforce the State's obligation to provide him with a state court forum, he seeks to forestall the state prosecution. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

There is "an important distinction between a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial. This distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (internal quotation marks and quoted sources omitted).

---

[2] "[I]t has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention." *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017).

"[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial." *Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."[3] *Braden*, 410 U.S. at 489; see also *Easterly v. Smith*, 30 F.3d 1491 (5th Cir. 1994).

Here, Petitioner has yet to have a trial, and he does not identify any "special circumstances" which would require the Court to except him from this exhaustion requirement. *See Easterly*, 30 F.3d at 1491. The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' which would obviate the exhaustion requirement." *Id.*; *Dickerson*, 816 F.3d at 227 (declining to accept the argument "that the sixth amendment right to a speedy trial is a per se 'special circumstance' because to do so would eliminate the careful distinction . . . between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial.").

---

[3] The Fifth Circuit "has not clarified what 'special circumstances' might warrant an exception from this rule." *Hartfield v. Osborne*, 808 F.3d 1066, 1070 (5th Cir. 2015). That said, in *Dickerson*, the court noted: "In his dissent in *Braden,* Justice Rehnquist suggests that pre-trial habeas which interferes with state criminal processes is justified when there is a 'lack of jurisdiction, under the Supremacy Clause, for the state to bring any criminal charges against the petitioner.' We need not decide in this case whether this might be the only situation in which pre-trial habeas is available." *Dickerson*, 816 F.2d at 226 (internal citation omitted). In another case, the Fifth Circuit opined: "In the somewhat analogous area of abstention a pending state criminal prosecution will not be enjoined absent 'very unusual situations, . . . necessary to prevent immediate irreparable injury.' Irreparable injury will not ordinarily be deemed to be present where the threat to the plaintiff's federally protected rights can be eliminated by the defense of a single criminal prosecution. Furthermore, special circumstances are not necessarily established by the alleged infallibility of the federal claim. Indeed, without reaching the merits of appellant's constitutional argument we take note of the fact that if her position is as clearly correct as she suggests, the Florida courts are surely capable of recognizing and vindicating her position." *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (internal footnotes omitted).

Because Petitioner has yet to have a trial, his claim is unexhausted.[4] Accordingly, the Court should abstain from interfering in Petitioner's state-court proceeding and should, consequently, dismiss this claim.[5]

**2. Conditions of Confinement**

Petitioner claims that he was incarcerated under unconstitutional conditions of confinement at RPDC. [doc. # 7, p. 6]. He was forced to strip, and he was assigned to solitary confinement for three days. *Id.* There, a nurse allegedly asked him if he wanted to "die for real yet." *Id.*

"Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "[T]he Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021).

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting

---

[4] Petitioner maintains that he filed a writ of habeas corpus before the trial court. [doc. # 7, p. 3]. The trial judge denied his request. *Id.* Petitioner thus implies that exhaustion is futile. That said, Petitioner does not indicate that he petitioned—or asked his counsel to petition—either the trial or appellate court to bring him promptly to trial, and, more importantly, he does not ask this Court to bring him to trial.

[5] The *Dickerson* court concluded that the petitioner failed to *exhaust* his claims. That said, exhaustion is a form of judicial abstention: "The exhaustion doctrine . . . was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225.

conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007).  "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement.  *Davis v. Fechtel*, 150 F.3d 486, 487, 490 (5th Cir. 1998).  It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement." *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020).[6]

In *Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009), for instance, the petitioner sought habeas relief, challenging the conditions of his confinement.  The court affirmed the dismissal of his claim, citing *Pierre* for the rule that habeas is simply not available.

Here, the Court should dismiss Petitioner's conditions-of-confinement claim because it is unrelated to the cause of his detention.

**3. Medical Care**

Petitioner suggestively claims that he has not received adequate medical care while in pre-trial detention.  He also suggests that respondents deprived him of medical care when they removed him from an inpatient mental healthcare facility.

Habeas corpus relief is, however, unavailable for Petitioner's medical care claims.  A suit "challenging the adequacy of a prison's medical care [] does not go to the validity of a conviction or sentence, and thus falls outside habeas's core." *Nance v. Ward*, 597 U.S. 159, 168

---

[6] *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'") (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).

(2022); *see Mora v. Warden, Fed. Corr. Complex, Yazoo City Medium*, 480 F. App'x 779, 780 (5th Cir. 2012) (affirming dismissal of a 2241 petition as "not cognizable" because it related to the petitioner's "medical needs, and a determination in his favor would not result in his accelerated release."); *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) ("[T]he district court found it could not grant her relief pursuant to Section 2241 because her application was 'not in reference to the imposed sentence—but for medical needs.' We agree."); *McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977).

Because Petitioner is not entitled to habeas corpus relief, the Court should dismiss these claims.

## 4. Prosecutorial Misconduct, Ineffective Assistance of Counsel, False Arrest, and Unreasonable Seizure

Petitioner claims that Attorneys Salomon and Ellis rendered ineffective assistance of counsel. [doc. # 7, p. 6]. He alleges that Salomon failed to: investigate, have him evaluated, obtain bail, obtain medical records, remain informed about Petitioner's case, refrain from taunting him, and remain enrolled as counsel. *Id.* He alleges that Ellis "hollers or laughs" at him and once grabbed and pushed him. *Id.*

Petitioner claims that District Attorney Wheeler has engaged in, and continues to engage in, prosecutorial misconduct. [doc. # 7, p. 7].

Petitioner also claims that he was falsely arrested, under a warrant, at Longleaf Hospital and charged with "jumping bail." [doc. # 7, p. 2]. Likewise, he suggests that he was subjected to an unreasonable seizure when he was arrested and removed from the inpatient healthcare facility.

7

The Court should abstain. Federal courts should abstain "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

While the thrust of the court's opinion in *Dickerson* concerned a Sixth Amendment speedy trial claim, the petitioner there also argued that his pre-indictment delay violated his "due process rights under the fourteenth amendment . . . ." *Id.* at 223. The court opined:

> The fact that the due process clause plays some role in protecting against the prejudice of preindictment delay, however, does not mean that a petition for habeas corpus relief filed before commencement of the defendant's trial is the proper vehicle to protect this right. We believe that the same federalism reasons that prevent a defendant's sixth amendment claims from "derailing" a pending state proceeding unless "special circumstances" exist also renders pretrial habeas corpus relief an inappropriate vehicle to consider the merits of Dickerson's due process claim. Dickerson can present both his fourteenth amendment due process claim as well as his sixth amendment speedy trial claim in the state court at trial where they can be considered.

*Id.*

Here, it is manifest that Petitioner seeks to 'disrupt the orderly functioning of state judicial processes' or to otherwise 'derail' or 'abort' his pending state-court proceeding. Pre-trial habeas corpus is an inappropriate vehicle in which to consider the merits of the instant claims.[7]

---

[7] Even assuming *Dickerson* and *Braden* only apply to affirmative defenses—for instance, cases in which petitioners seek to abort state court trials due to alleged speedy-trial or double-jeopardy violations—the undersigned would recommend that the Court abstain under *Younger v. Harris*, 401 U.S. 37 (1971), which is not limited to proceedings in which plaintiffs/petitioners seek relief grounded in affirmative defenses. *See Braden*, 410 U.S. at 489 ("[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an *affirmative defense* to a state criminal charge prior to a judgment of conviction by a state court.") (emphasis supplied). Abstention/exhaustion under *Braden* and *Dickerson* and abstention under *Younger* are entwined. In *Braden* and *Younger*, the scenarios in which the Supreme Court directed courts to abstain, as well as the tests/analyses the Supreme Court directed courts to apply (i.e., 'special circumstances' versus 'extraordinary circumstances') overlap and are largely indistinguishable.

Moreover, while federal *habeas* relief may be available prior to trial or conviction if "special circumstances" exist, Petitioner's filings do not reveal any special circumstances. "Federal habeas corpus should not be used as a 'pretrial motion forum for state prisoners.'" *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974) (*quoting Braden*, 410 U.S. at 508).

Petitioner can present his claims before the state trial court and, if necessary, he can seek relief thereafter before the appropriate state appellate court, before the Supreme Court of Louisiana, and via post-conviction review in the state courts. A habeas corpus remedy remains available to Petitioner "after the conclusion of the state proceedings against him, if he is in custody pursuant to conviction and has exhausted his state remedies." *See Dickerson*, 816 F.2d at n.16.

Accordingly, the Court should abstain and, consequently, dismiss these claims without

---

As noted, the Fifth Circuit has defined the 'special circumstances' language in *Braden* using language from *Younger*: "In the somewhat analogous area of abstention a pending state criminal prosecution will not be enjoined absent 'very unusual situations, . . . necessary to prevent immediate irreparable injury.' Irreparable injury will not ordinarily be deemed to be present where the threat to the plaintiff's federally protected rights can be eliminated by the defense of a single criminal prosecution." *Tooten*, 493 F.2d at 177. In *Gates v. Strain*, 885 F.3d 874, 882 (5th Cir. 2018), the court declined a plaintiff's request to enjoin his prosecution under state and federal speedy-trial laws. For support, the court cited *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012), which in turn relied on *Younger*. However, the court also cited *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976), for support, which did not mention *Younger* but instead relied solely on *Braden*.

Also of note, the undersigned would recommend applying *Younger* even though Petitioner seeks dismissal of his charges or release from confinement rather than the precise injunction the plaintiff sought in *Younger*. In *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977), the court opined: "We do not believe that the mere fact that the relief sought by Petitioner here federal habeas relief prior to a pending state criminal trial is different from the type of relief sought in *Younger* makes the requirements announced in *Younger* any less applicable to this case. There is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial. The principles of federalism and comity which underlie *Younger* are present in both. Thus, we conclude that Petitioner must satisfy the *Younger* abstention hurdles before we may give federal habeas relief."

9

prejudice.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner David M. Kennedy, Jr.'s claims for habeas corpus concerning his conditions of confinement and medical care be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's remaining claims be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 8th day of August, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge